UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA



JEFFREY BUONGIORNO,

    Plaintiff,

v.

Case No.   9:24-cv-80920-AMC

ALEJANDRO MAYORKAS, et al

# PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

## PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

1. Plaintiff Jeffrey Buongiorno, *pro se*, per Fed. R. Civ. P. 65(a), motions this Court for a Preliminary Injunctions against all Defendants.

### Reasons for the Preliminary Injunction

2. Per Fed. R. Civ. P. 65(d)(1)(A), <u>the reason</u> for the Preliminary Injunction is to prevent the irreparable harm that will occur if the more protracted course of the Amended Complaint is not expedited by this FRCP 65 tool. The 2024 federal elections are fewer than 90-days away, and the <u>early voting begins in Mid-October</u>.

3. As the Amended Complaint explains, the relief Plaintiff seeks deals with purging voter registries to prevent bogus ballots being mailed to fraudulently registered voters. If those ballots are allowed to go out, then it will be next to impossible to close Pandora's box. Lawsuits after elections have proven to be futile in most cases.

## THE BALANCING TEST

4. The U.S. Supreme Court has set a high burden of proof for a plaintiff seeking an injunction. The Court identified a four-part balancing test in *Winter v. Natural Resources Defense Council, 555 U.S. 7 (2008)*.

### No. 1 Likelihood of Success on the Merits

5. The Amended Complaint has a strong likelihood of succeeding on the merits. Numerous federal and state lawsuits are underway now targeting similar corruption on the federal election process. By no means is Plaintiff out on an island here asking for irrational and unfounded injunctive relief.

1

6.  In Arizona, the new laws requiring proof of citizenhood were challenged, but allowed to stand by the District Court and then the 9th Cir. Somehow, a second panel of the 9th Cir. reversed that and the matter is now before the Supreme Court (*Republican National Committee v. Mi Familia Vota* No. 24A164).[1] Twenty four State Attorney's General have filed amicus briefs. Notably, the State of Florida's AG, Ashley Moody (a defendant in this instant case) has joined that consortium, which indicates the Florida AG will not challenge this Preliminary Injunction. Also, the defendant in that case, Mi Familia Vota, is a defendant in this instant case as well.

7.  In Alabama, the Secretary of State, Wes Allen, is taking action to remove noncitizens from the registered voter databases.[2] The State of Florida Defendants (Byrd and Moody) have taken no such action yet.

8.  In Seminole County, Florida, the incumbent Supervisor of Election, Chris Anderson, was given a restraining order on August 16, 2024 after he was caught tampering with early voting.

9.  Aside from Plaintiff's own research, the evidence of voter fraud related to noncitizen voters is overwhelming. Numerous independent groups have issued reports about the scale of the problem. RealClear Investigations consolidated them.[3] A recent video of large numbers of noncitizens lined up early in the morning at a Florida DMV made national news.[4] The Amended Complaint now lists as a defendant the Director of the Florida DMV, Dave Kerner.

---

[1] https://www.scotusblog.com/case-files/cases/republican-national-committee-v-mi-familia-vota/
[2] https://www.sos.alabama.gov/newsroom/secretary-state-wes-allen-implements-process-remove-noncitizens-registered-vote-alabama
[3] https://www.realclearinvestigations.com/articles/2024/08/14/vote_integritys_nitty-gritty_the_battle_lines_of_24s_epic_struggle_1051309.html
[4] https://x.com/davidjharrisjr/status/1819410744355569808

### No. 2 Likelihood of Irreparable Harm

10. If swift injunctive relief is not granted, irreparable harm is very likely to occur to the entire nation. The stakes could not be higher.

11. The evidence of "a real and immediate threat of future injury by the defendant." (*City of Los Angeles v. Lyons, 461 U.S. 95, 107 n. 8 (1983)*) is *prima facie*. A federal election deciding the presidency and control of congress cannot be determined by noncitizen voters added to the voter registration as part of a treasonous conspiracy to overthrow democracy.

12. In 2020, the margin of victory for Joe Biden in just a few key states was under 100,000. Now, the number of noncitizen voters poised to rig the 2024 election is in the millions. No amount of popularity among real voters can overcome that fraud. <u>The 2024 election has already been decided if there is no urgent injunctive relief</u> from federal courts.

### No 3 Balance of Equities and Hardships

13. The balance of both equities and hardships is in favor of Plaintiff. The injunctive relief asks for nothing more than Defendants to do their jobs and to cease and desist in any conspiracies to rig the elections. The equity of the relief will quite literally save The United States of America (and Plaintiff) from a coup.

### No. 4 Public Interest

14. Lastly, Plaintiff can easily show that the injunctive relief is in the public interest. The terms of the relief are targeting election fraud. Honest elections are in the best interest of the public. Noncitizens are not allowed to vote and no harm to the public would incur from this Preliminary Injunction.

## **TERMS of INJUNCTION and RELIEF REQUESTED**

Per Fed. R. Civ. P. 65(d)(1)(B) and (C), the terms of the injunction and relief that Plaintiff seeks are as follows:

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants that provides the following relief:

1) A declaratory judgment that Defendants are in violation of the laws in Counts 1 - 6;

2) An injunction requiring Defendants to fully comply with any existing procedures that Florida has in place to ensure ineligible voters are identified and removed from the rolls entirely, not simply moved to "Inactive Voter Status";

3) An injunction requiring Defendants to use the same process used in jury selection to be used to verify citizenship of any person registering to vote;

4) An injunction requiring Defendants to use Federal statute that allows the Florida Supervisor of Elections ("SOE") (i.e., Defendant Sartory in this case) to request the DHS to verify citizenship and identifies. Any Florida SOE must use the tools available in 8 U.S.C. § 1373 and 8 U.S.C. § 1644 to verify citizenship;

5) An injunction requiring Defendants to purge any non-citizen actual person or synthetic identity found within the Florida voter registrations databases and systems, and to do this before August 15th, 2024 given that the deadline to request early voting mail-in ballots is August 8th, 2024;

6) An injunction prohibiting the use of only the "last four" of a SSN or ARN to register to vote. A photo ID issued by the State of Florida or U.S. passport must accompany any registration process;

7) An injunction prohibiting the use of professional voter registration efforts by NGO's, etc. currently approved by Florida. This Court shall then define the type of allowable registration efforts that fall within Florida law.

8) An injunction prohibiting the Department of Justice from "monitoring" Florida elections inside voting stations;

9) An injunction prohibiting and Defendant from violating Plaintiff's First Amendment rights by, including but not limited to, using police force to threaten the arrest of citizens at public meetings and/or stifle free speech at public meetings

10) An injunction prohibiting Defendants from blocking citizens' access to Defendants official social media outlets.

11) An Injunction prohibiting the Defendants from accepting private grants for election operations.

12) An injunction from certifying any election that is not provable to have been conducted under the letter of the law.

14) An injunction from the distribution of Vote By Mail Ballots without a state-issued photo ID.

15) If Defendants violate this injunction, they will be fined $10,000 for each violation, payable by each individual defendant committing the violations of this injunction, to be paid by the individual and not the County, State, or Federal agency for which they work;

16) Plaintiffs' reasonable costs and expenses of this action, including attorneys' fees; and;

15) All other further relief to which Plaintiff may be entitled.

Respectfully submitted this 19th day of August, 2024.

_____
Signed by: Jeff Buongiorno
1901 South Congress Ave, #220
Boynton Beach, FL 33426
Jeff@etektraining.com