UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 24-80920-CIV-CANNON

**JEFFREY BUONGIORNO**,

    Plaintiff,
v.

**SECRETARY OF THE
UNITED STATES DEPARTMENT
OF HOMELAND SECURITY,** *et al.*,

    Defendants.
_____/

## ORDER DISMISSING SHOTGUN COMPLAINT; PERMITTING REPLEADING; AND DENYING MOTIONS AS MOOT

**THIS CAUSE** comes before the Court upon a sua sponte review of the record. On August 19, 2024, Plaintiff filed an Amended Complaint asserting six counts against thirteen defendants [ECF No. 17]. The second, third, fourth, fifth, and sixth counts in the Amended Complaint, however, incorporate all preceding allegations, thus rendering the Amended Complaint an impermissible "shotgun pleading" [ECF No. 17 pp. 36, 37, 40, 42, 43]. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321 (11th Cir. 2015) ("The most common type [of shotgun pleading]—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint."). The Court has an independent obligation to dismiss such pleadings and require repleader. Moreover, Count One is based on an alleged violation of 18 U.S.C. § 1015 [ECF No. 17 ¶¶ 112–119], but that statute states a criminal offense enforceable by the United States alone.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Amended Complaint [ECF No. 17] is **DISMISSED WITHOUT PREJUDICE**.

2. Plaintiff may file a second amended complaint that is consistent with this Order on or before **September 3, 2024**.  **The second amended complaint must not contain any successive counts that incorporate all prior allegations**.  In other words, Counts I, II, III, IV, V, and VI may incorporate the same factual allegations (paragraphs 32 through 111), but Counts II, III, IV, V, and VI must not broadly incorporate the allegations of previous counts.  **Further, each count must specifically identify the particular legal basis for liability (without referencing unidentified statutes or legal theories), separate each claim into a separate count, contain specific factual allegations that support each cause of action within each count, and otherwise comply with the S.D. Fla. Local Rules and the Federal Rules of Civil Procedure.**

3. Failure to comply with this Order may result in dismissal of the case without further notice.

4. In light of this Order, Plaintiff's Motions for Preliminary Injunctive Relief and related requests are **DENIED AS MOOT**, to be refiled, as applicable, pending Plaintiff's forthcoming amended pleading.

5. Defendants' deadlines to file an answer or response in accordance with the Court's Combined Response Order [ECF No. 9] are temporarily stayed pending further Court order.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 23rd day of August 2024.

_____
**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record