UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JEFFREY BUONGIORNO,

    Plaintiff,

v.

ALEJANDRO MAYORKAS, et al

Case No.   9:24-cv-80920-AMC

# PLAINTIFF'S AMENDED MOTION for TEMPORARY RESTRAINING ORDER

# PLAINTIFF'S AMENDED MOTION for TEMPORARY RESTRAINING ORDER

1. Plaintiff Jeffrey Buongiorno, pro se, per Fed. R. Civ. P. 65(a), motions this Court for a Preliminary Temporary Restraining Orders against all Defendants.

**Reasons for the Preliminary Temporary Restraining Order**

2. Per Fed. R. Civ. P. 65(d)(1)(A), the reason for the Temporary Restraining Order is to prevent the irreparable harm that will occur if Plaintiff suffers future violations of his First Amendment rights.

## THE BALANCING TEST

3. The U.S. Supreme Court has set a high burden of proof for a plaintiff seeking a Temporary Restraining Order. The Court identified a four-part balancing test in *Winter v. Natural Resources Defense Council, 555 U.S. 7 (2008)*.

**1. Likelihood of Success on the Merits**

4. The Amended Complaint has a strong likelihood of succeeding on the merits regarding Count 6 "Violation of the First Amendment". Thew multiple videos in the Amended Complaint (ECF 17, p. 20) are strong evidence against Defendants.[1]

**2. Likelihood of Irreparable Harm**

5. If a temporary restraining order is not granted, irreparable harm will occur to Plaintiff and other citizens. Defendants are clearly making it their routine manner of conducting business to remove citizens illegally from public spaces and meetings.

---

[1] https://rumble.com/v5bfrgt-palm-beach-county-commissioners-meeting-june-4th-dont-say-illegals.html

1

### 3. Balance of Equities and Hardships

6. The balance of both equities/hardships is in favor of Plaintiff. The injunctive relief asks for nothing more than Defendants to stop violating the U.S. Constitution and other laws. That is in the best interest of the public.

### Public Interest

7. Plaintiff can easily show that the injunctive relief is in the public interest. As mentioned, the public has a right to attend Palm Beach County public meetings and observe the canvassing board.

### Defendants Actions to Silence and Intimidate Plaintiff

8. ¶14-18 is an example of how trampling of Plaintiff's rights is not in the best interest of the public.

9. Defendant Ric Bradshaw oversees Deputy Kobitka. Defendant Bradshaw willingly allows his deputies to intimidate citizens at the behest of Canvassing Board Members.

10. Witnesses questioned Deputy Kobitka why the Plaintiff was being asked to leave. The Deputy was unable to provide a reason for the ejection. Witnesses stated that we all have a constitutional right to attend the meeting and recorded the incident.[2]

11. Plaintiff contends Defendants stonewalled him by ejection so "Item 7" of the August 9th, 2024 agenda would pass, enabling enactment of rule 1S 2.027. Plaintiff opposed this rule as it allows the Canvassing Board to determine "Voter Intent," for "Blank Ballots" cast. In essence the new rule masquerades "Blank Ballots" and comingles them with 'Under Votes." "Blank Ballots" are not" Under Votes", they are Blank Ballots and must be reported as such."

12. Defining Blank Ballots is part of a greater scheme to masquerade public records. Allowing Rule 1S 2.027 to stand will enable furtherment of the scheme.

13. On August 14th, 2024, Plaintiff was wrongfully denied entry into the Public Canvassing Board Meeting. [3]

14. Plaintiff's denial of entry to the August14, 2024 prevented presentment of important information regarding a cyber vulnerability found on VR Systems public facing portal (https://vrsystems.com), a state and county approved contractor who is responsible for delivering near real-time election night results to the public.

---

[2] https://rumble.com/v5b75dv-buongiorno-ejected-from-open-palm-beach-county-canvassing.html

[3] https://rumble.com/v5erm58-buongiorno-denied-access-to-814-pbc-canvassing-board-meeting.html

15. Plaintiff was denied entrance to the August 14th, 2024, public Palm Beach County Canvassing Board meeting by Allison Nova a county employee, who reports to Defendant Link, and Palm Beach County Deputy Sheriff Moss who reports to Defendant Brashaw. The incident was caught on video.[4]

16. Immediately thereafter, Plaintiff took to X, formerly known as Twitter, to present critical cyber security threats on VR Systems, who is responsible for reporting election night results for 64 out of 67 Florida counties to the public.

17. On August 14th, 2024 the Plaintiff was stonewalled again. Defendant Link blocked Plaintiff's access to the Public and Official X account handle, known as @voteplambeach. Plaintiff was AGAIN prevented from presenting credible and critical cyber security threats found on VR SYSTEMS public facing web portal, https://VRSYSTEMS.COM.

18. August 14th, 2024, Plaintiff sends an SMS text to State Rep. Mike Caruso informing Caruso of the credible and critical cyber security threat on the public facing portal of VR SYSTEMS, who is responsible for delivering election night results to 64 out 67 Florida counties. Plaintiff also informed Caruso that Defendant Link had blocked his access to her official government X account. A subsequent phone call ensued between Rep. Caruso.

19. Notably, but expected, VRSYSTEMS was unable to provide real-time election night results without "glitches." "Glitches" are now a recurring theme, VR Systems experienced "Glitches" during the 2016 General Election, the 2022 and 2024 Primary Elections.[5]

---

[4] https://rumble.com/v5erm58-buongiorno-denied-access-to-814-pbc-canvassing-board-meeting.html

## **TERMS AND RELIEF REQUESTED**

Per Fed. R. Civ. P. 65, the terms of the Temporary Restraining Order and relief that Plaintiff seeks are as follows:

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants that provides the following relief:

1) A Temporary Restraining Order prohibiting and Defendant from violating Plaintiff's First Amendment rights by, including but not limited to, using police force to threaten the arrest of citizens at public meetings and/or stifle free speech at public meetings.

2) If Defendants violate this Temporary Restraining Order, they will be fined $10,000 for each violation, payable by each individual defendant committing the violations of this Temporary Restraining Order, to be paid by the individual and not the County, State, or Federal agency for which they work, as well as criminally prosecuted by the U.S. Marshal.

3) If Defendants block access to any Official Government Social Media Account, a fine of $1,000 per day, to be paid by the individual not the Country or State or federal agency for which they work.

4) Plaintiffs' reasonable costs and expenses of this action, including attorneys' fees; and;

5) All other further relief to which Plaintiff may be entitled.

---

[5] https://www.palmbeachpost.com/story/news/2024/08/22/vr-systems-florida-full-responsibility-for-elections-sites-crash/74907055007/

Respectfully submitted this 13th day of September 2024.

: Jeff Buongiorno
1901 South Congress Ave, #220
Boynton Beach, FL 33426
Jeff@etektraining.com