**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

FILED BY _SCN_ D.C.
OCT 02 2024
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. PIERCE

**JEFFREY BUONGIORNO,**

    Plaintiff,

v.

**ALEJANDRO MAYORKAS**, et al

Case No.  9:24-cv-80920-AMC

**PLAINTIFF'S AMENDED MOTION EMERGENCY TEMPORARY RESTRAINING ORDER AND INJUNCTIVE RELIEF**-amends document 59 Filed 10/01/2024

Plaintiff, by and through undersigned counsel, moves this Honorable Court for a Temporary Restraining Order (TRO) and Injunctive Relief to immediately halt the use of the voter registration contractor VR Systems due to significant cybersecurity threats and violations of Florida law, specifically Fla. Stat. §98.035. Plaintiff also requests that the Court enjoin the Defendants from using VR Systems in the election process, halt the counting of mail-in ballots due to ongoing cyber threats, and remove the Defendants from any participation in Canvassing Board meetings and election operations.

Additionally, Plaintiff requests that a third-party forensic audit be conducted on VR Systems' servers, all related Amazon Web Services (AWS) servers, and the infrastructure of the Palm Beach County Supervisor of Elections' Election Management System, including operating systems. This audit is critical to identifying and addressing the cybersecurity vulnerabilities and potential breaches that pose ongoing risks to the integrity of the election process.

**FACTUAL BACKGROUND**

1. **Unlawful Use of Outsourced Voter Registration Contractor**

   Pursuant to Fla. Stat. §98.035, the Florida Department of State is required to ensure the security and integrity of voter registration systems. VR Systems, an outsourced contractor, was unlawfully engaged without proper safeguards, in violation of state and federal law.

2. **Defendant Link's Admission Regarding VR Systems' Operations on September 25, 2024.** On **September 25, 2024**, during a debate at **Palm Beach State College**, which was live-streamed by **WKTV** and hosted by local anchor **Michael Williams, Defendant Link** admitted that **VR Systems** was responsible for handling Florida's voter roll registrations. This public acknowledgment further confirms VR Systems' involvement in critical election operations, raising significant concerns given their history of cybersecurity vulnerabilities. Despite this admission, no additional measures have been publicly disclosed to secure voter roll systems.

3. **Cybersecurity Threats and 2016 Russian Hack**

   VR Systems was directly compromised in a cyberattack in 2016, perpetrated by Russian actors, leading to the unauthorized breach of sensitive voter data. This breach underscores

the vulnerability of the system and its continued use presents an ongoing threat to the integrity of future elections.

4. **Cyber Outages in the August 20, 2024, and August 23, 2022 Primaries**

   In addition to the 2016 breach, VR Systems experienced significant cyber outages during the August 20, 2024, and August 23, 2022 primaries, further demonstrating its vulnerability and the risk it poses to the election process. These outages disrupted critical election night reporting and potentially tainted voter registration and ballot processing, casting serious doubts on the reliability of the system and the integrity of the results from those elections.

5. **Security Risks of Amazon Web Services (AWS) and VR Systems' Reliance on AWS**

   The use of **Amazon Web Services (AWS)** in critical election infrastructure poses significant cybersecurity risks. AWS has been scrutinized for its vulnerabilities in large-scale government operations, leading to the **cancellation of the JEDI (Joint Enterprise Defense Infrastructure) contract** in 2021, which was a major contract for cloud services with the Department of Defense. The contract was canceled due to concerns over the security, reliability, and overall trustworthiness of utilizing cloud services from Amazon for sensitive national security data. **VR Systems' reliance on AWS** for its election-related operations further exacerbates these risks, as it increases the potential for external threats, data breaches, and unauthorized access to sensitive voter information. Given these concerns, any dependence on AWS for election infrastructure magnifies the vulnerabilities present in the system.

6. **Threat to Mail-In Ballot Processing**. The cybersecurity risks also extend to the processing of mail-in ballots. VR Systems' vulnerabilities place the integrity of mail-in ballot counting at serious risk, which could lead to manipulation or unauthorized access by malicious actors. Due to this threat, the counting of mail-in ballots must be immediately halted until proper security measures are implemented.

7. **Evidence of Time-Stomping and Cybersecurity Vulnerability in Public Records** Moreover, the **Palm Beach County Supervisor of Elections** relies on the outdated **Windows Server 2008** to run its Election Management System (EMS), which no longer receives security updates from Microsoft. This leaves the system highly vulnerable to exploitation by malicious actors targeting unpatched security flaws. These risks are not hypothetical; the **EL45A report** from the Palm Beach County Supervisor of Elections shows clear evidence of **time-stomping**, a manipulation technique used to conceal unauthorized access or alterations. This critical cybersecurity threat was uncovered through a public records request (PRR), but the County improperly concealed this information by altering **public records request #23-42 exhibit P6,** to obscure the vulnerability.

8. **Evidence Delivered to the Canvassing Board.** Plaintiff Buongiorno submitted evidence to the Palm Beach County Canvassing Board during official meetings on March 14, 2023, and July 2, 2024. This evidence, directly related to claims of cybersecurity vulnerabilities and improper election procedures, was recorded and made publicly available on the county's official YouTube channel. The public dissemination of this information further reinforces the transparency of the Plaintiff's claims and provides documented proof of the issues raised before the board. Additionally, the "Time

4

Stomping" incident revealed through public records request 23-42 indicates internal threats within Palm Beach County's infrastructure, affecting the Election Management System in use.

9. **The combination of AWS vulnerabilities**, the use of obsolete technology like Windows Server 2008, and the concealment of known cybersecurity issues presents a significant threat to the integrity of Palm Beach County's election infrastructure, requiring immediate corrective action.

10. **VR Systems Terms and Conditions Holding Them Harmless for Data Breaches Exhibit P15** includes VR Systems' terms and conditions, which explicitly hold them harmless in the event of a data breach. This provision underscores the irresponsibility of continuing to use VR Systems in the election process. Despite the significant cybersecurity risks posed by the company, including its previous compromise in 2016, the terms shield VR Systems from liability, further jeopardizing the security and integrity of the election process.

11. **Domain Hosting Election Night Results Also Maintained by VR Systems**
Further aggravating the risks, VR Systems also maintains the domain electionsfl.org, which is responsible for hosting election night results. This domain is subject to similar cybersecurity threats as the VR Systems domain and poses an additional vulnerability to the transparency and accuracy of election results. The failure to secure this domain could lead to manipulation or unauthorized access, further eroding public confidence in the election process.

12. **Cybersecurity Assessment of VRSYSTEMS.com Domain**

    **Exhibit P17** includes the cybersecurity assessment report for the **VRSYSTEMS.com** domain, using the same industry-standard tools such as NMAP[1], AlienVault[2], Robtex[3], Shodan[4], and Maltego[5]. The assessment outlines the serious security vulnerabilities of the VR Systems domain, confirming the high risk of cyberattacks and data breaches, which threatens the overall security of the election systems managed by VR Systems. This report underscores the critical need for immediate action to secure the election infrastructure.

13. **Cybersecurity Assessment of ELECTIONSFL.ORG Domain**

    **Exhibit P16** contains a comprehensive cybersecurity assessment report for the domain **electionsfl.org**, which was conducted using advanced tools including NMAP, AlienVault, Robtex, Shodan, and Maltego. The report details the specific vulnerabilities and cybersecurity risks associated with this domain, which is critical for hosting election night results. The findings reveal significant weaknesses that expose the domain to potential cyberattacks, data breaches, and manipulation, further jeopardizing the integrity of the election process.

14. **VR Systems Memo Regarding August 20, 2024 Primary Election Outage.**

    **Exhibit P18** is a memo dated **August 21, 2024**, from VR Systems, issued the night

---

[1] https://nmap.org/
[2] https://otx.alienvault.com/
[3] https://www.robtex.com/
[4] https://www.shodan.io/
[5] https://www.maltego.com/

after the primary election results went down due to a significant outage. In this memo, VR Systems announced that they were hiring third-party investigators to look into the outage. However, as of the date of this motion, no public statement or report has been released regarding the findings of this investigation, further raising concerns about the transparency and integrity of the election process.

15. **Alteration of Public Records and Tampering. Not only has Palm Beach County altered public records, but the State of Florida, including the Florida Department of State, Defendant Byrd, and the Florida Division of Elections, Defendant Matthews, are complicit in the manipulation of data on its public portal for candidates, specifically the website: https://countyballotfiles.floridados.gov/votebymymailvotingreports/. Altering public records is a crime under Florida law, constituting a violation of public trust and transparency. Exhibit P13** and **Exhibit P14** demonstrates tampering and irregularities with the data, further compromising the integrity of the election process. The **Florida Department of State, Defendant Byrd, and the Florida Division of Elections** are responsible for the altering of the **DS-DE 40 form**, which further illustrates their involvement in this unlawful manipulation. This deliberate tampering undermines the public's confidence in the accuracy and transparency of the election system, making immediate intervention necessary to protect the integrity of the process.

16. **Altering the DS-DE 40 form promotes fraud by obscuring critical information about duplicate and blank ballots, which are foundational elements of potential electoral fraud.** Withholding this information not only undermines transparency but also violates the public's right to ensure the integrity of the election process. By preventing access to accurate data regarding duplicate and blank ballots, the opportunity for fraudulent activities increases, directly infringing on the rights of voters to a fair and transparent election.

17. **Unlawful Implementation of Rule 2.027 and Concealment of Public Records**
The State and Palm Beach County Canvassing Board unlawfully implemented Rule 2.027, removing two critical fields from the DS-DE 40 form, which obscures the reporting of blank ballots and duplicated ballots. The rule allows the Canvassing Board to adjudicate ballots based on "voter intent" via Form DS-DE 420, a clear violation of public transparency laws and a concealment of public records. **Exhibit P9** provides documentation from the Canvassing Board meeting on August 9, 2024, where Defendant Link seconded the motion to adopt Rule 2.027, directly contributing to the unlawful rule change. This change resulted in the removal of critical fields from Form DS-DE 40, which subsequently undermined transparency in the election process. **Exhibit P14** includes an email dated September 26, 2024, where Defendant Link, who fraudulently masqueraded as canvassing board is just one of many examples of the high degree of skullduggery perpetuated against the people. Defendant Links' admission not

being a member of the Canvassing Board, demonstrating an inconsistency in their role and actions is official misconduct.

18. **Masquerading Blank Ballots and Duplicated Ballots**. The EL52A report from the 2022 General Election in Palm Beach County (**Exhibit P10**) shows 59 blank ballots and an **astonishing 20,313** cast in the 2020 General **(Exhibit P11), Exhibit P12** reports **60,165 Blank Ballots cast in Broward County** in the 2020 General Election further supporting the Plaintiff's claim that the state is attempting to obscure the reporting of blank ballots and duplicated ballots through the unlawful changes made under Rule 2.027. This manipulation of election records undermines transparency and violates Fla. Stat. §98.035, which mandates the maintenance of accurate and secure election data.

19. **CYBER THREATS MASS VOTE BY MAIL REQUESTS IN ONE DAY.** There is a strong indication that bad actors may have infiltrated county, state, or third-party contractors. This concern is further evidenced by **Exhibit P13**, which shows that **219,675 Vote-By-Mail ballot requests** were ordered on Sunday, June 23, 2024—an implausible statistic. Following media coverage of this discrepancy, the official state election portal was altered to reflect only 20 requests in **Pinellas County ordered on June 23, 2024**, raising further concerns about the manipulation of records.

20. **Likelihood of Third-Party NGOs Ordering Mass Numbers of Vote-by-Mail Ballots.** There is a **high likelihood** that third-party **NGOs** (Non-Governmental Organizations) have ordered mass numbers of vote-by-mail ballots based on voter

9

registration data they have harvested through various means. This practice undermines the integrity of the election process and places voter data at risk.

21. **Intimidation of Citizens Through Signature Challenges. Exhibit P20** contains a letter from the Palm Beach Supervisor of Elections' attorney accusing a citizen of committing a crime for challenging too many voter signatures. The signatures in question evidenced a **high likelihood of digital manipulation**, raising concerns about the integrity of the verification process. The ability to generate manipulated signatures in large volumes represents a serious threat to election security. This accusation is yet another tactic of **intimidation** employed by the County to dissuade citizens from raising legitimate concerns regarding election integrity.

22. **Defendants Conspiring to Manipulate the Outcome of the 2024 General Election**. There is substantial evidence to support the claim that **Defendants Wendy Link, Maria Marino**, and **Robert Weiss** are **conspiring to manipulate the outcome of the 2024 General Election**. Their actions, as detailed in the evidence provided, including tampering with public records, unlawful changes to Rule 2.027, and deliberate obstruction of transparency regarding vote-by-mail requests, point to a coordinated effort to undermine the integrity of the election process. Their involvement in manipulating the results should disqualify them from participating in the November 2024 General Election. The **Plaintiff requests** that Defendants Link, Marino, and Weiss be **enjoined** from any

10

participation in the election to prevent further manipulation and protect the public's right to a free and fair election.

---

## LEGAL ARGUMENT

23. **Violation of Fla. Stat. §98.035**. Under Florida law, it is mandatory that voter registration systems are secure and maintain integrity. The ongoing use of VR Systems, given its prior compromise in 2016 and its outages during the 2022 and 2024 primaries, constitutes a violation of this statute. The continued use of such a system poses a substantial risk to the security of voter data and election integrity.

24. **Civil Voting Rights Will Likely Be Violated**. Failure to halt the use of a compromised system such as VR Systems threatens to violate the civil voting rights of citizens. The integrity of the voting process is paramount in ensuring equal protection under the law. These violations constitute a direct threat to the fundamental civil rights guaranteed by the U.S. Constitution, including the right to vote free from interference and manipulation. Allowing the ongoing use of a system that is vulnerable to cyberattacks, which has already led to improper counting of blank and duplicated ballots, disproportionately affects voters by diluting their votes and undermining the fairness of the election

25. **Civil Rights Threatened by Withholding IP Addresses of Vote-by-Mail Requests.** The claim that **originating IP addresses** of vote-by-mail requests is protected, further undermines election transparency. With the growing likelihood

that third-party NGOs have harvested voter data and ordered mass numbers of vote-by-mail ballots, this information is critical for election integrity. Withholding these IP addresses raises serious concerns about fraudulent activity in the vote-by-mail process.

26. **IP Address Tracing of Vote-By-Mail Requests is critical. The Florida Constitution, through Section 24(a), Article I, emphasizes the public's right to access government records unless explicitly exempt by law. IP addresses collected as part of election-related requests, such as those for vote-by-mail ballots, do not inherently reveal private, sensitive details like those protected by specific exemptions. Therefore, IP addresses should be accessible under Florida's public records law to promote transparency and accountability, especially in the context of ensuring the integrity of the election process. Without clear statutory exemptions for IP addresses, they should be disclosed as part of the broader effort to safeguard and scrutinize the electoral system.**

27. **Internet Service Providers (ISP) use Dynamic IP Addresses.** Residential IP addresses change frequently. There are no reasons that IP addresses should be protected under Florida Statutes.

28. **FS§ 119.0712 specifically pertains to information held by the Department of Highway Safety and Motor Vehicles. Vote-By-Mail ballot IP Tracing Information is held by the VR Systems and possibly the Supervisor of Elections. Therefore, this statute should be considered moot.**

29. **Defendants Link, Marino, and Weiss Conspiring to Manipulate Election**. The evidence presented demonstrates that **Defendants Link, Marino, and Weiss** are actively conspiring to manipulate the outcome of the 2024 General Election. Their coordinated efforts to obstruct transparency, alter records, and suppress valid challenges to election integrity represent a serious threat to the democratic process. These actions should disqualify them from further participation in the 2024 General Election. **Plaintiff requests injunctive relief** to enjoin Defendants Link, Marino, and Weiss from any further involvement in the November 2024 General Election, ensuring the integrity of the electoral process and protecting the public's right to a free and fair election.

30. **Cybersecurity Threats Constitute Irreparable Harm**. The Plaintiff demonstrates a real and imminent threat of irreparable harm, as the continued use of VR Systems and the counting of mail-in ballots via a compromised system jeopardizes the entire election process. Once the election results are tainted, there is no adequate remedy at law, necessitating immediate injunctive relief.

31. **Public Interest and Balance of Equities Favor Injunctive Relief**. The public's interest in a secure and transparent electoral process far outweighs any potential inconvenience to the Defendants. Immediate injunctive relief is necessary to protect the public's right to a free and fair election.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Grant a Temporary Restraining Order immediately halting the use of VR Systems in processing voter registration and mail-in ballots due to the cybersecurity threats.

2. Enjoin the Defendants from counting any mail-in ballots processed through VR Systems.

3. Order the immediate halt of the implementation of Rule 2.027 and restoration of the removed fields in Form DS-DE 40. Full and transparent accountability of Duplicated and Blank Ballots.

4. Order full transparency and the release of all records regarding the time-stomping and cybersecurity vulnerabilities, including full compliance with public records requests (Exhibits P5-P20), and the release of originating IP addresses for all vote-by-mail requests.

5. **Order an independent cybersecurity forensic audit** of the **Palm Beach County Election Management System**, including its operating systems, infrastructure, and any related technology.

6. **Order an independent cybersecurity forensic audit** of **VR Systems' internal servers** and all related **Amazon Web Services (AWS) infrastructure** used for election-related processes.

7. Enjoin Defendants Wendy Link, Maria Marino, and Robert Weiss from any participation in the November 2024 General Election due to their conspiracy to manipulate the election process.

8. Plaintiff respectfully requests that this Court order the establishment of a **Signature Verification Panel** composed of independent forensic experts in handwriting analysis and AI-generated content detection, election officials, and bipartisan representatives. This panel shall have the authority to review and evaluate all challenged signatures, particularly those flagged as suspicious or inconsistent with voter records. The panel will utilize appropriate forensic and technological tools, including but not limited to AI-detection software and forensic handwriting analysis, to ensure the legitimacy and accuracy of the signatures involved in the election process. Additionally, the panel shall pay special attention to **"too perfect" digitally generated signatures**, which may indicate the use of artificial intelligence or other automated processes. Signatures that appear unnaturally uniform or lack the natural variation of human handwriting should be treated as strong evidence of digital manipulation, subject to heightened scrutiny and potential rejection.

9. Provide such other relief as this Court deems just and proper.

Respectfully submitted this Second day of October, 2024.

Jeff Buongiorno
1901 South Congress Ave, #220
Boynton Beach, FL 33426

**EXHIBITS**

- **Exhibit P5**: Minutes of the August 9, 2024 Canvassing Board Meeting.
- **Exhibit P6**: Time-stomped Report (Dated September 13, 1984).
- **Exhibit P7**: DS-DE 40 Form with Critical Fields Removed.
- **Exhibit P8**: DS-DE 40 Form Prior to Rule Changes.
- **Exhibit P9**: Documentation Showing Defendant Seconded the Motion to Effectuate Rule 2.027.
- **Exhibit P10**: EL52A Report from the 2022 General Election in Palm Beach County Showing 59 Blank Ballots.
- **Exhibit P11**: EL52 Report from the November 8, 2020 General Election in Palm Beach County Showing 20,313 Blank Ballots.
- **Exhibit P12**: EL52 Report from the November 8, 2020 General Election in Broward County.
- **Exhibit P13**: Evidence of Website Tampering. Witness Evidence. Vote-By-Mail Request dates changed from 216,675 to 20 on a single day
- **Exhibit P14**: Email from Defendant Stating She is Not a Canvassing Board Member.
- **Exhibit P15**: VR Systems Terms and Conditions Holding Them Harmless for Data Breaches.
- **Exhibit P16**: Cybersecurity Assessment Report for electionsfl.org Domain.
- **Exhibit P17**: Cybersecurity Assessment Report for VRSYSTEMS.com Domain.
- **Exhibit P18**: VR Systems Memo Dated August 21, 2024 Regarding Primary Election Outage.

- **Exhibit P19**: Buongiorno's Public Records Request for IP Addresses of His Own Vote-by-Mail Request.
- **Exhibit P20**: Letter from Palm Beach Supervisor of Elections' Attorney Accusing a Citizen of a Crime for Challenging Signatures.
- **Exhibit P21**: Affidavit from John William Liccione

UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA

**JEFFREY BUONGIORNO,**

    Plaintiff,

v.

**ALEJANDRO MAYORKAS**, et al

Case No.   9:24-cv-80920-AMC

**ATTESTATION OF AUTHENTICITY OF EXHIBITS**

I, Jeff Buongiorno a Pro Se Plaintiff in the above-captioned matter. I hereby certify and attest that the exhibits attached hereto, identified as **Exhibits P5 through P21**, are true, accurate, and complete copies of the original documents, records, and materials from which they were obtained.

These exhibits have been provided in support of the Plaintiff's Motion for Temporary Restraining Order/Injunctive Relief/Other Pleading and are submitted in accordance with the Federal Rules of Civil Procedure and the applicable rules governing the submission of documents in this court.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge and belief.

**Respectfully submitted and Executed on this First Day of October, 2024**

**Signed** _/s/ Jeff Buongiorno_

**Jeff Buongiorno**