

Exhibit "A"

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO. 9:24-CV-80920-AMC**

**JEFFREY BUONGIORNO**,

    Plaintiff,

      v.

**JAMES CORD BYRD**, in his official capacity as
the Secretary of State of Florida;
**ASHLEY MOODY**, in her official capacity as the
Florida Attorney General; **MARIA MATTHEWS**,
in her official capacity as the Director of Division
of Elections (a division within the Florida
Department of State); **MARIA MARINO**, in her
official capacity as the Palm Beach County, Florida
Commissioner for District 1; **GREG WEISS**, in his
official capacity as the Palm Beach County, Florida
Commissioner for District 2; **WENDY SARTORY
LINK**, in her official capacity as Palm Beach
County Supervisor of Elections; **MI FAMILIA
VOTA**, a non-profit business entity; **RIC
BRADSHAW**, in his official capacity as the Palm
Beach County, Florida Sheriff; **DAVE KERNER**,
in his official capacity as the Chief Administrator of
the Florida. Department of Highway Safety and
Motor Vehicles.

    Defendants.

_____/

## AFFIDAVIT OF ALISON NOVOA

STATE OF FLORIDA            )
                              )
COUNTY OF PALM BEACH     )

    BEFORE ME, personally appeared Alison Novoa who after being duly sworn upon her

oath, states as follows:

1.      My name is Alison Novoa.  I currently serve as the Public Information Officer and Director of Strategic Initiatives for the Supervisor of Elections for Palm Beach County, Florida ("Supervisor").  I am over the age of eighteen (18) and I am fully familiar with the facts of this case based on my own first-hand personal knowledge.

2.      I submit this Affidavit in support of Defendants' Combined Response to Opposition to Plaintiff's Amended Motion for Temporary Restraining Order filed concomitantly therewith, and according to the Federal Rules of Civil Procedure.

3.      The Supervisor is not authorized to remove individuals from registration rolls except in accordance with Chapter 98, Florida Statutes, and the Rules promulgated by the Department. The Supervisor has complied with the Department's Rules and applicable law regarding maintenance of the voter registration system.

4.      The Canvassing Board is a separate legal entity, independent of the office of the Supervisor. The Commissioners and local judges voluntarily serve as members of the Canvassing Board without compensation, working long hours to perform solemn duties. The Canvassing Board serves to canvas elections, which includes but is not limited to oversight of the logic and accuracy testing of vote tabulating equipment, certification of the equipment's accuracy, determination of voter intent, certification of elections, oversight and certification of audits and recounts, review of vote-by-mail ballots, and verification of voter's signatures on voter certificates.

5.      While the Supervisor normally serves on the Canvassing Board, she is not a member of the Canvassing Board for the 2024 General Election, because she appears on the ballot as a candidate for re-election to her current position.

6.      The public is welcome to attend Canvassing Board meetings and witness their deliberations, which are held in the "sunshine" to allow the public to observe the canvassing

process as well as offer public comment on non-ministerial and non-quasi judicial activities and decisions of the Canvassing Board.  Every election-related issue is considered and determined in full view of the public, including questioned ballots or signatures, which are electronically displayed for the public on multiple monitors during Canvassing Board meetings.

7.     Florida's Sunshine Manual prescribes that the State's Canvassing Boards are to create and enforce rules governing canvassing board meetings.

8.     Plaintiff was removed from Canvassing Board on August 9, 2024 and barred from the August 14, 2024 meeting at the direction of the Chair of the Canvassing Board, County Court Judge April Bristow.

9.     At a point in time during the Canvassing Board meeting of August 9, 2024, when Plaintiff was *not* offering public comment regarding the activities and decisions of the Canvassing Board, his continuous outbursts and ongoing conduct was deemed to be disruptive and inappropriate by the Chair of the Canvassing Board, County Court Judge April Bristow.  Judge Bristow offered Plaintiff three (3) prior warnings regarding his misconduct, which went unheeded, and Judge Bristow ultimately ordered Plaintiff removed from the meeting in accordance with the rules of conduct governing the Canvassing Board meetings.  The Sheriff's Deputy providing security for the meeting, merely followed Judge Bristow's instructions and directions, as Chair of the Canvassing Board.  The Supervisor was not involved in reprimanding Plaintiff, nor his removal from the meeting.

10.     This encounter with law enforcement authorities was filmed, and Plaintiff shared it on his X account (formerly Twitter) and tied it to the Supervisor's office by tagging the Supervisor's official X account. Plaintiff's sharing on X of the encounter with law enforcement

also revealed voters' signatures that were being publicly displayed upon the Canvassing Board's large overhead "big screen" monitors.

11.     In order to prevent the Supervisor's formal X account from being tagged further, Plaintiff's access to the Supervisor's X account was blocked.

12.     The Supervisor fully complied with the law by uploading the real time election results to the Florida Secretary of State's website, on time and as required, fulfilling her statutory obligations as mandated by Section 102.141, Florida Statutes regarding Florida's primary election results on August 20, 2024.

13.     The Supervisor successfully began uploading the election results within thirty (30) minutes of the polls closing on election night, and every 45 minutes thereafter, which fully complied with all legal reporting requirements. Only a secondary ancillary mechanism to report election results was provided through a website hosted by "VR System" which experienced difficulties due to overload, and which was promptly addressed.

14.     In addition to the website hosted by VR System, and the timely and lawful reporting of election results to Florida's Secretary of State, the Supervisor, also provided redundant reporting of the primary election results through local television Channel 20, and a third website.  Members of the public attending the Canvassing Board meetings at the Supervisor's facility were provided with printed hard copies of the election results, as election results were tabulated throughout the evening, in real time.  There was no compromise of the public's awareness of the election results in real time.

15.     VR Systems do not administer voter rolls and do not issue mail-in ballots.

16.     The EL-45A report produced on May 1, 2023, is identical to the version of the EL-45A report produced subsequently, with one (1) exception.  The EL-45A report produced on May

1, 2023 contained an erroneous date and an errant hash mark, which investigation revealed was caused by a battery failure in the computer used to general the report. Once the proper date was established on the EL-45A report, the same exact identical report was disseminated.

FURTHER AFFIANT SAYETH NAUGHT

_____
Alison Novoa, Affiant

STATE OF FLORIDA

COUNTY OF PALM BEACH

Sworn to (or affirmed) and subscribed before me by means of ☑ physical presence or ☐ online notarization, this 3rd day of October, 2024, by Alison Novoa.

Notary Public State of Florida
Daniel Reyes
My Commission
HH 204064
Exp. 12/5/2025

_____ Daniel Reyes
Notary Public – State of Florida
(Print, Type, Stamp, or Commissioned
Name of Notary Public)

Personally Known √ OR Produced Identification _____
Type of Identification Produced _____



Exhibit "B"



2024 PRIMARY ELECTION
August 20, 2024

Monday, July 1, 2024
Pre-Election Canvassing Board Meeting
2:00 p.m.

(Minutes prepared by Anne Mills)

Present:

Judge Bristow – Canvassing Board Chair
Commissioner Weiss – Canvassing Board
Supervisor Link – Canvassing Board
Judge Tew – Canvassing Board Alternate
Vice Mayor Marino – Canvassing Board Alternate

Judge Bristow called the meeting to order at 2:03 p.m. and proceeded with roll call. The public notice of the meeting was confirmed and attached to the agenda. Commissioner Weiss made a motion to approve the public notice into the record and Supervisor Link seconded the motion; motion passed unanimously, and the notice was entered into the record.

Time was provided for members of the public to voice any comment for items to be discussed as listed on the agenda. Comment cards were provided and located on the public access table along with the agenda. To ensure all present were given the opportunity for public comments, Judge Bristow extended a verbal invitation to members of the public as a courtesy for those unaware of this new process.

The Canvassing Board reviewed the proposed canvassing schedule for the 2024 Primary Election. Commissioner Weiss made a motion to accept the canvassing schedule, Supervisor Link seconded the motion. The motion was passed unanimously.

Judge Bristow provided an overview of the rules of the canvassing room and standards of conduct as outlined in the agenda:

- Phones are to be silent and prohibited to be used in the canvassing room.
- Photography and video recordings of any ballots and signatures are not permitted at any time during the election process to include the canvassing room or during duplication.
- Standards of Conduct
  o All parties are to act with decorum and respect.
  o The public may observe the canvassing process; however, the Canvassing Board is not required to take questions or engage in any discussions with the public.
  o There will be no discussion during the canvassing process.
- Objection Procedures
  o Signature Verification – Objections will be heard and noted. No other discussion will be entertained.
  o Duplication – Objections will be notated in the minutes to include duplication numbers as required by statute.

   

- o  Public Inspection – A blanket objection to all applicable certificates/signatures in canvassing will be noted once, as these objections have already been noted during the public inspection process.
- Any person causing a disruption or breaking the rules of the proceedings will be asked to leave and will be permanently barred for the duration of the election cycle (through the General Election).

Objections were made by members of the public regarding the rules of the canvassing room. Commissioner Weiss made a motion to accept the rules of the canvassing room and standard of conduct, Supervisor Link seconded the motion; motion passed unanimously.

The Canvassing Board discussed the canvassing guidelines as outlined in the agenda.

- Household signature mismatch – any signature mismatch for which members of the same household sign the wrong ballot envelope will be counted if both parties have vote-by-mail requests on file, both household members are the same party (in a primary election), both ballots are received and the signatures match those on record.

    - o  Two ballots received in the same envelope will not be accepted per statute.

    - o  Staff to accept mismatch ballots meeting the criteria above, all others will be presented to the Canvassing Board for review.

Objections were made by members of the public regarding the staff processing of mismatched ballots that meet the criteria as defined by the Canvassing Board.

- Ballot Envelope Signatures – The SOE staff is to verify a voter signature located anywhere on the voter certificate side of the ballot envelope.

Objections were made by the public regarding signature location on the envelope certificate/staff processing.

- True under-voted ballots with no markings (stray or otherwise) throughout the ballot will be processed by SOE Staff. Ballots with any markings will be presented to the Canvassing Board for review.
- Ballots with clear overvotes are to be presented to the Canvassing Board for review. This procedure may change over the course of the election process if reconsidered by the Canvassing Board.

Objections were made by members of the public regarding true under-voted ballots.

- Voter Intent rules review, and addendum were deferred to a later meeting. A draft of new standards as outlined in rule 1S-2.027 is being finalized by the State and will be reviewed at a future Canvassing Board meeting if available.

Objections were made by members of the public regarding the deferment of the review of voter intent standards.

- Supervisor Link provided an overview of the duplication process. Ballots with voter intent issues and ballots objected to during duplication will be presented to the Canvassing Board for review.

Objections were made by members of the public regarding the duplication process.

Supervisor Link provided an overview of the processing of ballots protested during public inspection.

- Protested ballots will be segregated for second review. If staff agrees with the protest, a signature cure affidavit will be sent to the voter and the ballot will be segregated pending receipt of a valid Cure Affidavit

with accompanying documentation. If the staff does not agree with the protest, the ballot will be submitted to the Canvassing Board for review. All protested ballots with be notated with a blanket objection.

Objections were made by members of the public regarding the handling of protested ballots during public inspection.

- Designate SOE to represent the Canvassing Board for canvassing activities. SOE will be onsite to monitor such activities as required by statute. If SOE is not available, another Canvassing Board member will be delegated for the day's activities. Any Canvassing Board member is welcome to attend and view the canvassing activities during the election cycle.
- Staff to open and process ballot envelopes once they have been accepted.

Objections were made by members of the public regarding the staff processing of accepted ballot envelopes.

Judge Bristow put forth the recommendation to accept the canvassing guidelines as presented and discussed. Commissioner Weiss made a motion to accept the canvassing guidelines and Supervisor Link seconded the motion; the motion passed unanimously.

Judge Bristow adjourned the meeting at 2:48 p.m.

@VotePalmBeach



Exhibit "C"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JEFFREY BUONGIORNO                              CASE NO.: 9:24-cv-80920-AMC

       Plaintiff,

v.

JAMES CORD BYRD, in his official
capacity as Secretary of State of Florida;
MARIA MATTHEWS, in her official
capacity as the Director of Division of
Elections (a division within the Florida
Department of State); ASHLEY MOODY,
in her official capacity as the Florida
Attorney General and a member of the
State Elections Canvassing Committee;
DAVE KERNER, in his official capacity as
the Chief Administrator of the Florida
Department of Highway Safety and Motor
Vehicles; GREG WEISS, in his official
capacity as the Palm Beach County, Florida
Commissioner for District 2; MARIA
MARINO, in her official capacity as the
Palm Beach County, Florida Commissioner
for District 1; WENDY SARTORY LINK,
in her official capacity as Palm Beach
County Supervisor of Elections; RIC
BRADSHAW, in his official
capacity as the Palm Beach County
Sheriff; MI FAMILIA VOTA, a nonprofit
business entity, et. al.,

       Defendants.

_____/

## <u>DECLARATION OF PAUL EDMEIER</u>

STATE OF ARIZONA          )
                          ) SS
COUNTY OF MARICOPA    )

**BEFORE ME**, personally appeared Paul Edmeier who after first being duly sworn upon his oath, states as follows:

1.      My name is Paul Edmeier. I am the Chief Financial Officer of Defendant Mi Familia Vota, a 501(c)(4) incorporated in the state of Texas.

2.      I have been the Chief Financial Officer of Defendant Mi Familia Vota for two years.

3.      I make this declaration based on personal knowledge.

4.      I have reviewed Plaintiff's Second Amended Complaint and Amended Motion for Temporary Restraining Order.

5.      While Plaintiff alleges that Defendant has operations in Palm Beach County, ECF No. 42, ¶ 32, such an allegation is incorrect.

6.      In fact, Defendant does not have an office in Florida, it does not have any employees in Florida, and it does not engage in any grassroot activities in Florida.

7.      Furthermore, Defendant had no role in the activities alleged in Plaintiff's Amended Motion for a Temporary Restraining Order.  Defendant was not involved in Plaintiff's (alleged) ejection from an August 9, 2024 Canvassing Board meeting, nor did it deny him from presenting any information regarding an (alleged) cyber vulnerability on August 14, 2024. *See* ECF No. 48.

FURTHER AFFIANT SAYETH NAUGHT

Dated: October 1, 2024

_____
Paul Edmeier

CARLOS VERDUGO
NOTARY PUBLIC - ARIZONA
Maricopa County
Commission # 658774
My Commission Expires
November 19, 2027

Page 2
«FIRM_NAME_LINE_1»
1645 PALM BEACH LAKES BOULEVARD - 2ND FLOOR - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX