UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO. 9:24-CV-80920-AMC
HONORABLE ALIEEN CANNON

JEFFREY BUONGIORNO,

    Plaintiff,

      v.

ALEJANDRO MAYORKAS, in his official
capacity as the Secretary of the United States
Department of Homeland Security, et al.,

    Defendants.

_____/

**DEFENDANTS' JOINT REPLY TO PLAINTIFF'S RESPONSE IN
OPPOSITION TO DEFENDANTS' JOINT MOTION TO DISMISS**

COME NOW, all named Defendants ("**Defendants**"), by and through undersigned counsel, pursuant to Fed. R. Civ. P. 7(b) and S.D. Fla. L.R. 7.1(c), and hereby file this Joint Reply ("Reply") to Plaintiff's Response in Opposition to Defendants' Joint Motion to Dismiss, and in support thereof state:

**A. Plaintiff Concedes Dispositive Arguments by Failing to Address Them Substantively.**

1. Generally, the failure to respond to the merits of a request for dismissal of a plaintiff's claims serves as a concession that the request is due to be granted. *See Guzman v. City of Hialeah*, No. 15-23985-CIV-GAYLES, 2016 U.S. Dist. LEXIS 91613, 2016 WL 3763055, at *3 (S.D. Fla. July 14, 2016) ("A plaintiff who, in her responsive brief, fails to address her obligation to object to a point raised by the defendant implicitly concedes that point).

2. Moreover, a litigant who fails to press a point by supporting it with pertinent authority or by showing why it is sound in the face of contrary authority, forfeits the point.

{80237.09005.00948519. 1 }   1

*See Anderson v. Branch Banking & Trust Co.*, 119 F. Supp. 3d 1328, 1345 (S.D. Fla. 2015); *see also Covington v. Ariz. Bev. Co., LLC*, No. 08-21894-CIV-SEITZ/O'SULLIVAN, 2009 U.S. Dist. LEXIS 138365, 2009 WL 10668916, at *6 (S.D. Fla. Sept. 11, 2009); *Pelfresne v. Village of Williams Bay*, 917 F.2d 1017, 1023 (7th Cir. 1990); *Chapman v. Abbott Labs.*, 930 F. Supp. 2d 1321, 1325 (M.D. Fla. Mar. 14, 2013); *Negreanu v. Starbucks Corp.*, 2024 U.S. Dist. LEXIS 32995.

3. Defendants make the dispositive argument in the Motion to Dismiss [D.E.#67] that Plaintiff lacks Article III standing on all causes of action. Plaintiff fails to substantively address the argument with pertinent authority. The word "standing" only appears twice in Plaintiff's Response: once in paragraph 1 when Plaintiff recites Defendants' arguments writ large, and again in a single sentence in paragraph 4. The reference in paragraph 4 is not a substantive reference supported by pertinent authority. It is a bare conclusory statement and fails to show why standing is established in the face of the substantial contrary authority cited by Defendants on the issue. Additionally, Plaintiff again fails to allege that he suffers a sufficient injury for the prospective relief he requests. Despite Defendants' abundance of authority stating that for prospective relief a plaintiff must allege that any threatened injury is "certainly impending," Plaintiff in his response fails to provide any allegations as to how or if any of the alleged injuries are "certainly impending," thus again failing to address his lack of standing. Pursuant to the applicable law cited in paragraph 2 above, Plaintiff's failure to substantively address the standing argument concedes it, and the lack of standing is dispositive of all of Plaintiff's claim. As such, the Court should grant the Motion to Dismiss with prejudice and need not reach any other issue set forth therein.

4. However, Plaintiff also fails to address and therefore concedes other arguments made by the Defendants in the Motion to Dismiss. Defendants make the argument in the Motion

to Dismiss that the Court lacks subject matter jurisdiction because the Second Amended Complaint is "patently insubstantial." Nowhere does Plaintiff's Response address or rebut this argument. Specifically, Plaintiff fails to acknowledge the fundamental defects in his claims identified by Defendants in their Motion to Dismiss. In paragraph 40 of his response, Plaintiff conclusively states that the Second Amended Complaint is substantial without citing to any facts or authority that would contradict Defendants' arguments. As such, the Plaintiff concedes same and the Second Amended Complaint should be dismissed. To the extent the Court agrees that Plaintiff cannot offer factual allegations in support of entirely fictitious statements, then any amendment would be futile and the Court should dismiss the Second Amended Complaint with prejudice.

5. Defendants make the argument in the Motion to Dismiss regarding Count 2 that Plaintiff cannot enforce federal criminal statutes, and that civil conspiracy requires an underlying tort cause of action be alleged, which the Plaintiff fails to assert. Plaintiff's Response fails to address or rebut this argument, and as such Plaintiff concedes same. Count 2 should be dismissed.

6. Defendants make the argument in the Motion to Dismiss regarding Count 3 that Plaintiff fails to state any allegations establishing that Defendants Byrd, Matthews, and Moody have a legal duty, breached that duty, the breach injured Plaintiff, and the breach caused Plaintiff damages. However, like Counts 1, 2, and 4, Plaintiff fails to provide any allegations or authority that would render these claims "substantial." Plaintiff, in his response, includes a lengthy discussion on certain actions that the Defendants allegedly failed to take. However, nowhere in that discussion did Plaintiff allege that Defendants were under a legal duty to perform these acts or that the failure to perform these acts injured Plaintiff and caused him damages. Thus, the Plaintiff effectively concedes this claim, and the Court should dismiss Count 3.

7. Defendants make the argument in the Motion to Dismiss that Plaintiff failed to

provide notice required by the NVRA or otherwise sufficiently allege performance or waiver of conditions precedent. Plaintiff fails entirely to rebut this argument in his Response, and therefore concedes it. The Motion to Dismiss should accordingly be granted on this issue.

8. Moreover, the State Defendants argue in their Motion to Dismiss that the claims made in the Second Amended Complaint are barred by Sovereign Immunity and do not fall under the *Ex Parte Young* exception. Despite this argument, Plaintiff states that this case does fall within the exception, ignoring the requirement that there must be some 'connection through enforcement." Because Plaintiff again fails to allege any facts as to how or if the Defendants have the mandatory connection required for the *Ex Parte Young* exception, this Court should dismiss the Second Amended Complaint.

9. Lastly, Plaintiff does not address, nor does he support his assertion that the writ of mandamus is proper or that this is not a shotgun pleading, as argued in Defendants' Motion to Dismiss. Defendants cited multiple sources of authority supporting the argument that the Second Amended Complaint was defective as an impermissible shotgun pleading and that Plaintiff improperly petitioned for a writ of mandamus. Despite this support, Plaintiff again makes conclusory statements in paragraphs 39 and 40 of his response stating that Defendants arguments are "incorrect," and that the Second Amended Complaint is proper. Therefore, the Court should grant Defendants' Motion to Dismiss.

**B. The Court Should Disregard or Strike Factual Allegations Outside the Four Corners of the Second Amended Complaint.**

10. It is axiomatic that the Court is confined to the allegations of the operative complaint and its exhibits in considering a motion to dismiss. *McDowell v. Gonzalez*, 424 F.Supp. 3d 1214, 1220 (S.D. Fla. 2019); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009).

11. In Plaintiff's Response, he injects new facts not within the four corners of the Second Amended Complaint, like press releases occurring as recently as October 17 and 18, 2024.

12. All factual content in Plaintiff's Response which is not contained within the Second Amended Complaint should accordingly be stricken or disregarded by the Court in disposing of the Defendants' Motion to Dismiss.

## CONCLUSION

For all of the foregoing reasons, the Court should GRANT the Defendants' Joint Motion to Dismiss.

**WHEREFORE**, all named Defendants respectfully file this Reply and request that the Court enter an Order (1) GRANTING the Motion to Dismiss; and (2) providing such other and further relief as the Court deems just and proper.

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the Court via CM/ECF, which will send notice of electronic filing to all counsel of record, on this 25th day of October 2024.

Respectfully submitted,

**JECK, HARRIS, RAYNOR & JONES, P.A.**
*Counsel for Wendy Sartory Link,*
*Supervisor of Elections for*
*Palm Beach County, Florida*
790 Juno Ocean Walk, Suite 600
Juno Beach, Florida 33408
**Telephone**: (561) 746-1002
**Facsimile**: (561) 775-0270

By: */s/ David K. Markarian*
David K. Markarian
Florida Bar No. 480691
dmarkarian@jhrjpa.com
David R. Glickman

Florida Bar No. 118685
dglickman@jhrjpa.com

ASHLEY MOODY
FLORIDA ATTORNEY GENERAL

/s/ Timothy L. Newhall
TIMOTHY L. NEWHALL
Senior Assistant Attorney General
Florida Bar No. 391255
Timothy.Newhall@myfloridalegal.com
Office of the Attorney General
PL-01 The Capitol
Tallahassee, FL 32399-1050
Phone: (850) 414-3300
Fax: (850) 414-9650
*Counsel for James Cord Byrd, Secretary of State for Florida, Maria Matthews, Director of the Division of Elections, Ashley Moody, Attorney General of the State of Florida, and Dave Kerner, Executive Director of the Florida Department of Highway Safety and Motor Vehicles*

/s/ Jeremy F. Goldstein
JEREMY F. GOLDSTEIN
Florida Bar No.: 1022687
BARRY A. POSTMAN
Florida Bar No. 991856
COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant Mi Familia Vota*
222 Lakeview Avenue, Suite 500
West Palm Beach, FL 33401
Telephone: (561) 383-9225
Facsimile: (561) 683-8977
Primary e-mail: barry.postman@csklegal.com
Primary e-mail: jeremy.goldstein@csklegal.com
Secondary e-mail: sara.ghent@csklegal.com
Secondary e-mail: Daniel.DellaRocca@csklegal.com

/s/ Thomas E. Jablonski
Thomas E. Jablonski, Esquire
Assistant County Attorney
Florida Bar No. 121866
*Counsel for Defendants Greg Weiss and Maria Marino*
300 North Dixie Highway, Suite 359

West Palm Beach, FL 3340
Tel.: 561-355-2225
Email: TJablonski@pbc.gov

/s/ James O. Williams, Jr., Esq.
James O. Williams, Jr., Esq.
Florida Bar No. 614513
Service to: eservice@wlclaw.com
*Attorney for Defendant Palm Beach County Sheriff's Office*
Williams, Leininger & Cosby, P.A.
11300 US Highway One, Suite 300
North Palm Beach, FL 33408
Telephone: 561-615-5666
Facsimile: 561-615-9606