UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 24-80920-CIV-CANNON

**JEFFREY BUONGIORNO**,

    Plaintiff,
v.

**SECRETARY OF THE
UNITED STATES DEPARTMENT
OF HOMELAND SECURITY,** *et al.*,

    Defendants.
_____/

## ORDER DISMISSING PLAINTIFF'S SECOND AMENDED COMPLAINT AND CLOSING CASE

**THIS CAUSE** comes before the Court upon Defendants' Joint Motion to Dismiss (the "Motion") [ECF No. 67] Plaintiff's Second Amended Complaint (the "SAC") [ECF No. 42]. Defendants seek dismissal of the SAC for several reasons, including a lack of Article III standing and failure to state a claim under Rule 12(b)(6) [ECF No. 67]. The Court has reviewed the Motion, Plaintiff's Response in Opposition [ECF No. 74], Defendants' Joint Reply [ECF No. 76], and the full record. Upon review, Defendants' Motion is **GRANTED**.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed the original complaint in this case on July 30, 2024 [ECF No. 1]. Plaintiff sued thirteen state and federal election officials for allegedly conspiring to violate state and federal election laws by allowing illegal aliens to vote [ECF No. 1]. The thirteen Defendants were Alejandro Mayorkas in his official capacity as Secretary of the U.S. Department of Homeland Security; Martin O'Malley in his official capacity as Commissioner of the Social Security Administration; James C. Byrd in his official capacity as Florida's Secretary of State; Ashley

Moody in her official capacity as Florida's Attorney General; Maria Matthews in her official capacity as Director of Division of Elections within the Florida Department of State; Shevaun Harris in her official capacity as Secretary for the Florida Department of Children and Families; Maria Marino in her official capacity as Palm Beach County Commissioner for District 1; Greg Weiss in his official capacity as Palm Beach County Commissioner for District 2; Wendy S. Link in her official capacity as Palm Beach County Supervisor of Elections; Laura Burke in her official capacity as Palm Beach County Election Canvassing Board; Stephanie Tew in her official capacity as an alternate member of the Palm Beach County Election Canvassing Board; April Bristow in her official capacity as a member of the Palm Beach County Election Canvassing; and Mi Familia Vota, a non-profit business entity [ECF No. 1].

Before any Defendant was served, Plaintiff filed an Amended Complaint on August 19, 2024 [ECF No. 17]. Defendant added two Defendants, bringing the total number of Defendants to fifteen [ECF No. 17]. The two additional Defendants were Ric Bradshaw in his official capacity as the Palm Beach County Sheriff, and Dave Kerner in his official capacity as Chief Administrator of the Florida Department of Highway Safety and Motor Vehicles [ECF No. 17]. On the same day, Plaintiff filed a Motion for Preliminary Injunction and a Motion for Temporary Restraining Order, followed by an Amended Motion for Temporary Restraining Order [ECF Nos. 15–16, 28].

On August 23, 2024, the Court sua sponte dismissed Plaintiff's Amended Complaint as an impermissible shotgun pleading due to the incorporation of all preceding allegations in several counts [ECF No. 39]. The Court permitted Plaintiff to file a Second Amended Complaint. The Court also denied Plaintiff's Motions for Temporary Restraining Order and Preliminary Injunction pending repleading [ECF No. 40].

Plaintiff filed the operative SAC on September 3, 2024 [ECF No. 42],[1] along with another Motion for Temporary Restraining Order [ECF No. 48]. On September 20, 2024, Plaintiff voluntarily dismissed Defendants Mayorkas and O'Malley, bringing the total number of Defendants in the operative SAC to nine [ECF Nos. 50, 54]. Plaintiff filed a flurry of documents before Defendants filed a response, including two motions for temporary restraining order [ECF Nos. 59–60], four "Emergency Subpoena Duces Tecums," and a motion to inform the Court of dynamic IP addresses [ECF Nos. 61–65]. The Court denied these motions [ECF No. 71].

Defendants filed the instant Joint Motion to Dismiss on October 3, 2024 [ECF No. 67]. Defendants argue that the SAC should be dismissed for several reasons: lack of Article III standing, failure to state a claim upon which relief could be granted, lack of subject-matter jurisdiction due to "patently insubstantial claims," impermissible shotgun pleading, Eleventh Amendment immunity, failure to provide notice required under the National Voter Rights Act, and the inability to civilly enforce the federal criminal statutes cited in the SAC [ECF No. 67]. In his Response, Plaintiff fails to meaningfully respond to Defendants' argument that Plaintiff lacks standing [ECF No. 74]. Plaintiff instead repeats several allegations from his SAC, introduces new facts, and insists on the "extensive facts and evidence" that he produced [ECF No. 74 pp. 7–11]. In their Reply, Defendants emphasize Plaintiff's failure to substantively address the standing argument and insist that Plaintiff has failed to allege a sufficient injury for the prospective relief that he requests [ECF No. 76 p. 2].

Upon review, the Court agrees with Defendants that Plaintiff lacks standing to bring Counts I and II. Although Plaintiff has standing to bring Counts III and IV, those counts fail to state a

---

[1] The SAC was brought against the same Defendants as in the Amended Complaint except for Shevaun Harris, Laura Burke, Stephanie Tew, and April Bristow [ECF No. 42]. But these Defendants have not been formally dismissed.

3

claim upon which relief can be granted. Plaintiff's SAC is therefore **DISMISSED** for the reasons stated below.

## LEGAL STANDARDS

***Standing.*** "Article III of the Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies.'" *Murthy v. Missouri*, 144 S. Ct. 1972, 1985 (2024) (quoting U.S. Const. art. III § 2)). This limitation is "'fundamental to the judiciary's proper role in our system of government.'" *Id.* (quoting *Raines v. Byrd*, 521 U.S. 811, 818 (1997)). "A proper case or controversy exists only when at least one plaintiff 'establish[es] that [he] ha[s] standing to sue.'" *Id.* (quoting *Raines*, 521 U.S. at 818). To establish standing, a plaintiff must show that he "has suffered, or will suffer, an injury that is 'concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling.'" *Id.* at 1986 (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013)); *see Food and Drug Admin. v. Alliance for Hippocratic Medicine*, 602 U.S. 367, 380 (2024).

***Rule 12(b)(6).*** A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy Rule 8, a complaint must provide the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). The Supreme Court has emphasized that, "[t]o survive a motion to dismiss[,] a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

## DISCUSSION

To begin, in the over 130 paragraphs of the SAC, before even introducing the first cause of action, Plaintiff asserts broad statements purporting to allege injuries, such as:

- Plaintiff alleges "a massive fraud conspiracy by Defendants (and others across Florida) to comingle large numbers of fraudulent ballots with the much smaller number of legitimate early vote ballots" [ECF No. 42 ¶ 75];

- Plaintiff alleges that "nothing was done by Defendants to prevent outages" that occurred to the Palm Beach County election website [ECF No. 42 ¶ 78];

- Plaintiff alleges that "All defendants acted with reckless disregard and breached their duty of care when they certified the August 2024 election" [ECF No. 42 ¶ 83];

- Plaintiff alleges that "Federal laws will likely be violated in the upcoming November 2024 elections" [ECF No. 42 ¶ 119].

Plaintiff proceeds to allege four counts: a "Claim to Compel Deprivation of Civil Rights" (Count I), although the legal basis on which Count I rests is highly unclear; common law conspiracy (Count II); common law negligence (Count III) against Defendants Byrd, Matthews, and Moody only; and First Amendment violations (Count IV) against Defendants Link, Marion, Weiss, and Bradshaw only [ECF No. 42 pp. 43–53].  The Court addresses each in turn.

### A. Count I

"An injury in fact must be 'concrete,' meaning that it must be real and not abstract." *Alliance for Hippocratic Medicine*, 602 U.S. at 381 (quoting *TransUnion LLC v. Ramirez*, 594 U.S. 413, 424 (2021)).  This injury-in-fact requirement bars "generalized grievance[s],"

preventing "federal courts from becoming 'a vehicle for the vindication of the value interest of concerned bystanders.'" *Id.* at 381–82 (quoting *Allen v. Wright*, 468 U.S. 737, 756 (1984)). Additionally, the concrete requirement means that the injury "must be actual or imminent, not speculative." *Id.* at 381.

Even assuming that Plaintiff has properly alleged a cause of action under the National Voter Registration Act,[2] Plaintiff fails to plead a particularized, concrete injury in Count I. With only 6 of the preceding 136 paragraphs incorporated, Plaintiff alleges that Defendants "failed to make reasonable efforts to conduct voter list maintenance as required by the NVRA" [ECF No. 42 ¶ 141]. He then claims that he "has been injured by this as a past Palm Beach County candidate and will suffer again as a current candidate" [ECF No. 42 ¶ 142]. Plaintiff also claims injury because he "is required to divert resources to address issues caused by the Defendants' failure to maintain Florida voter rolls in compliance with state and federal law" [ECF No. 42 ¶ 143].[3]

Aside from incorporating minimal facts, Count I is a "generalized grievance" proscribed by the Supreme Court. *See Alliance for Hippocratic Medicine*, 602 U.S. at 381. Plaintiff's conclusory allegations that he will suffer because of Defendants' failure to remove the names of non-citizens voters from voter lists is "speculative fear[] of future harm" that is insufficient to

---

[2] Plaintiff hardly makes a case for assuming so. The sole provision of that statute cited in Count I of the SAC is 52 U.S.C. § 20507(a)(4), which provides that "In the administration of voter registration for elections for Federal office, each State shall . . . conduct a general program that makes a reasonable effort to remove the names of ineligible voters from the official lists of eligible voters by reasons of the death of the registrant or a change in the residence of the registrant." While the statute does provide a private right of action, *see* 52 U.S.C. § 20510(b), Plaintiff fails to allege how he complied with the notice and time requirements to bring a private action.

[3] The next two paragraphs in Count I contain allegations against Defendants Mayorkas and O'Malley, but those two Defendants were voluntarily dismissed [ECF Nos. 50, 54].

establish an injury in fact. *See City of South Miami v. Governor*, 65 F.4th 631, 640 (11th Cir. 2023). As the Supreme Court has routinely warned, "threatened injury must be 'certainly impending' to constitute injury in fact." *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990) (quoting *Babbitt v. Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979)). Plaintiff fails to plead facts showing that he is facing a certainly impending injury, much less one that is real and not abstract. Plaintiff's claims that Defendants' alleged misconduct hurts him as a candidate for office contain nothing beyond conclusory allegations of unfairness [*see* ECF No. 42 ¶ 142]. This lack of alleged particularized harm to Plaintiff as a candidate is fatal. *See Alliance for Hippocratic Medicine*, 602 U.S. at 381. Plaintiff therefore lacks standing to bring Count I.

### B. Count II

The SAC fares no better in Count II as Plaintiff does not show any concrete injury that confers standing. To begin, Plaintiff once again pleads in shotgun fashion, listing seven statutes or common-law rights in this single count. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1322 (11th Cir. 2015) ("The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief."). Even forgiving that sin, and even ignoring the criminal statutes that Plaintiff seeks to civilly enforce in this count, Plaintiff does not allege a concrete, particularized injury to satisfy the constitutional requirements of standing. The allegations that Defendants "conspired with illegal aliens," "refuse to enforce the law," and may cause "dilution any time an ineligible voter casts a ballot" do not suffice to show a concrete injury that is redressable [ECF No. 42 ¶¶ 152, 154, 167]. Plaintiff's allegations would have the Court rely on a "speculative chain of possibilities" to establish an injury of both current and future harm to him. *See Murthy*, 144 S. Ct. at 1993. The Court declines to do so.

### C. Count III

Count III fails to state a claim on which relief can be granted. This negligence claim against Defendants Byrd, Matthews, and Moody alleges that those defendants owed a duty to enforce a 2012 memorandum between the Department of Homeland Security and Florida [ECF No. 42 ¶ 174]. Plaintiff also alleges that these Defendants were negligent "for failing to [sic] action to prevent the election night reporting outage," referring to the August 20, 2024, primary election during which he alleges that a website displaying election results temporarily stopped working [ECF No. 42 ¶¶ 73, 175]. That outage, Plaintiff alleges, was "not innocent"; Plaintiff alleges that Defendants used the outages as part of "a massive fraud conspiracy" [ECF No. 42 ¶¶ 73–75]. Plaintiff also alleges that "nothing was done by Defendants to prevent [the] outages" [ECF No. 42 ¶ 78].

This count fails to allege a discernable negligence claim upon which relief can be granted. It appears that the duty Plaintiff alleges was breached is a duty to prevent non-citizens from registering to vote [*see* ECF No. 179 ¶ 179]. Even if this were a traceable duty, Plaintiff fails to plead factual allegations showing how Defendants Byrd, Matthews, and Moody breached that duty, much less how Plaintiff himself was injured. The only allegation Plaintiff offers as to injury is that "Plaintiffs' legitimate votes risk dilution any time an ineligible voter casts a ballot and inaccurate voter registration rolls undermine Plaintiff's confidence in Florida's electoral system" [ECF No. 42 ¶ 180]. Acceptable that principle as laudable and true, Plaintiff's bare legal assertions do not give rise to an ascertainable negligence claim. Count III is dismissed.

### D. Count IV

Plaintiff's fourth claim arises out of his alleged removal from a Palm Beach County Canvassing Board meeting on August 9, 2024 [ECF No. 42 ¶¶ 95–99, 183–189]. Plaintiff lumps

8

two First Amendment violations into this count: one for "cutting off mics and having sheriff escort people out of the public meetings," and one for Defendant Link "block[ing] Plaintiff's access to her official government X account [referring to Defendant Link's account]" [ECF No. 42 ¶¶ 186, 187]. Not only is this once again an impermissible shotgun pleading, *see Weiland*, 792 F.3d at 1322, but the SAC contains no allegations of fact that support Plaintiff's legal conclusion that his First Amendment rights were violated. He does not allege what happened at the public meetings, or why his microphone was cut off, or why the sheriff escorted people out. He also fails to allege any factual circumstances around Defendant Link's alleged blocking of Plaintiff on X—in fact, the first and only time anything related to that allegation appears is in Paragraph 187 in Count IV, which lacks factual content from which to plausibly infer that Defendant Link unlawfully blocked Plaintiff from accessing Defendant Link's official social media account [ECF No. 42 ¶ 187].

Even affording Plaintiff the benefit of the less stringent pleading standard for *pro se* litigants, *see Evans v. Georgia Reg'l Hosp.*, 850 F.3d 1248, 1253 (11th Cir. 2017), Count IV fails to state a plausible claim for relief. Liberal construction of *pro se* pleadings "does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014). Count IV rests on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). It is therefore dismissed.

CASE NO. 24-80920-CIV-CANNON

## CONCLUSION

Upon review, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Second Amended Complaint [ECF No. 42] is **DISMISSED**.

2. The Clerk of Court shall **CLOSE** this case.[4]

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 29th day of October 2024.

AILEEN M. CANNON
UNITED STATES DISTRICT JUDGE

cc: counsel of record

Jeffrey Buongiorno, *pro se* (via email)

---

[4] The operative pleading comes after two prior pleadings, one filed as a matter of course, and one prompted by a prior screening order [ECF Nos. 17, 39]. Justice does not require repleading in this case, *see* Fed. R. Civ. P. 15(a)(2), nor does Plaintiff indicate any additional facts or legal theories he could pursue to state a plausible claim for relief [*see* ECF No. 74 (containing no request to replead)].